IN THE CIRCUIT COURT OF CLINTON COUNTY, MISSOURI

| | |
|---|---|
| JUSTIN SHANE FOLLOWWILL, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. _____ |
| GREENTREE TRANSPORTATION CO. | ) |
|     Serve: Greentree Transportation Co. | ) JURY TRIAL DEMANDED |
|          Robert G. Neds, Registered Agent | ) |
|          7608 Raytown Road | ) |
|          Kansas City, MO 64138 | ) |
| and | ) |
| RICHARD A. SCHONEMAN, | ) |
|     Serve: 1105 First Avenue | ) |
|          Westbrook, MN 56183 | ) |
| Defendants. | ) |

## PETITION

COMES NOW Plaintiff Justin Shane Followwill, by and through undersigned counsel, and for his Petition against Defendants Greentree Transportation Co. and Richard A. Schoneman, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Justin Shane Followwill is citizen and resident of Livingston County, Missouri.

2. Defendant Greentree Transportation Co. (hereinafter "Greentree Transportation") is a Pennsylvania Corporation registered to do business in the State of Missouri. Its Registered Agent is Robert G. Neds, 7608 Raytown Road, Kansas City, Missouri 64138.

3. Defendant Greentree Transportation is the owner of a 2000 International Harvester Co. tractor trailer, VIN 2HSCNAMR6YC054265 (hereinafter the "Subject Vehicle").

1



4. Defendant Richard A. Schoneman (hereinafter "Defendant Schoneman") is a natural person and resident of the State of Minnesota, and may be served with process at the above address.

5. Venue is proper in Clinton County, Missouri pursuant to § 508.010(4), RSMo., in that Plaintiff was first injured by the wrongful and negligent acts of Defendants in Clinton County.

6. This Court has jurisdiction over the parties and the subject matter herein.

## FACTS OF THE SUBJECT CRASH

7. On or about May 5, 2020, Defendant Schoneman was driving the Subject Vehicle in Clinton County, Missouri and driving southbound on Interstate 35, a four-lane highway, in a construction zone.

8. Upon information and belief, Defendant Schoneman was operating the Subject Vehicle with the permission of Defendant Greentree Transportation.

9. At the same time and place, Plaintiff Justin Shane Followwill was driving a 2012 Buick Regal (hereinafter "Plaintiff's Vehicle") southbound on Interstate 35, in a construction zone.

10. The construction zone on Interstate 35 contained portable signs and cones to control southbound traffic, as the driving lane was closed for construction. All traffic was routed to the passing lane.

11. The Subject Vehicle, driven by Defendant Schoneman, rear-ended Plaintiff's Vehicle at or about 12:10 p.m. on May 5, 2020 (hereinafter the "Subject Crash").

12. The sunset in Clinton County, Missouri was at or about 8:17 p.m. on May 5, 2020.

13. After being rear-ended by the Subject Vehicle, Plaintiff's Vehicle collided into the dump truck that had been traveling in front of Plaintiff's Vehicle.

14. Plaintiff was transported by Holt Community FPD ambulance to Liberty Hospital in Liberty, Missouri.

15. Plaintiffs suffered personal injuries as a result of this collision, including, but not limited to, neck pain, back pain, and emotional and psychological trauma.

16. Defendant Schoneman failed to slow, stop or take other evasive action which could have prevented the collision with Plaintiff's Vehicle.

17. On May 20, 2020, in Clinton County Case No. 20CN-CR00260, Defendant Schoneman was charged with the following crimes stemming from the Subject Crash:

    a. Truck – 18,000 Pounds or More/Bus Followed Another Vehicle Too Closely, in violation of § 304.017, RSMo.

18. As a result of the Subject Crash and the wrongful and negligent acts and/or omissions of Defendant Schoneman and Defendant Greentree Transportation, Plaintiff suffered personal injuries, including, but not limited to, neck pain, back pain, and emotional and psychological trauma.

19. At all times relevant herein, including the time of the Subject Crash:

    a. Defendant Greentree Transportation owned the Subject Vehicle; and/or

    b. Defendant Greentree Transportation leased, rented, operated and/or utilized the Subject Vehicle.

## COUNT I – NEGLIGENCE AGAINST ALL DEFENDANTS

20. Plaintiff hereby incorporates Paragraphs 1 through 19 above by reference, as if fully set forth herein.

21. In operating the Subject Vehicle upon a highway or road in Missouri, Defendant Schoneman owed others, including Plaintiff, the duty to operate the Subject Vehicle with the highest degree of care.

22. Defendant Schoneman breached his duty of care and was negligent in at least the following respects:

   a. Defendant Schoneman failed to keep a careful lookout to the front and laterally so as to discover Plaintiff's Vehicle before colliding with it;

   b. Defendant Schoneman drove at an excessive speed in the construction zone;

   c. Defendant Schoneman failed to stop, swerve, or timely apply his brakes when there was sufficient time to do so in order to prevent the Subject Vehicle from colliding with Plaintiff's Vehicle;

   d. Defendant Schoneman failed to sound a warning of his approach or slacken speed before colliding with Plaintiff's Vehicle;

   e. Defendant Schoneman was inattentive in his driving of the Subject Vehicle;

   f. Defendant Schoneman was distracted while driving the Subject Vehicle;

   g. Defendant Schoneman operated the Subject Vehicle while his ability and/or alertness was so impaired, or so likely to become impaired, through fatigue, illness, or other cause, as to make it unsafe for him to operate the Subject Vehicle;

   h. Defendant Schoneman failed to act once the danger of collision between the Subject Vehicle and Plaintiff's Vehicle became apparent; and

   i. Defendant Schoneman failed to swerve, stop, or take other evasive action before the Subject Vehicle struck Plaintiff's Vehicle.

4

Case 5:21-cv-06023-NKL   Document 1-1   Filed 02/08/21   Page 4 of 16

23. Defendant Greentree Transportation is vicariously liable for the negligent acts and/or omissions of Defendant Schoneman in that Defendant Greentree Technology was acting by and through Defendant Schoneman as its agent, servant, and/or employee at the time Defendant Schoneman engaged in such negligent acts/omissions.

24. At all times relevant herein, including the time of the Subject Crash:

   a. Defendant Schoneman was the actual, apparent, and/or ostensible agent, servant and employee of Defendant Greentree Transportation;

   b. Defendant Schoneman was operating the Subject Vehicle for the interests and profitable benefit of Defendant Greentree Transportation;

   c. Defendant Schoneman was operating the Subject Vehicle for the benefit and on behalf of Defendant Greentree Transportation in the course and scope of his employment, agency, and/or servitude with Defendant Greentree Transportation;

   d. Defendant Schoneman was operating the Subject Vehicle to serve the interests of Defendant Greentree Transportation, pursuant to an express or implied agreement between Defendant Greentree Transportation and Defendant Schoneman;

   e. Defendant Greentree Transportation had a right to control the conduct of Defendant Schoneman;

   f. Defendant Schoneman was operating the Subject Vehicle for a single business enterprise for profit, for which purpose Defendant Greentree Transportation and Defendant Schoneman combined their property, money, effects, skills and knowledge;

    g. Defendant Schoneman was operating the Subject Vehicle wherein Defendant Schoneman and Defendant Greentree Transportation each held a community of interest in accomplishing a common business purpose; and/or

    h. The Subject Crash occurred during and in furtherance of a joint venture and agreement between Defendant Schoneman and Defendant Greentree Transportation, wherein each had a right of control and right to share in the profits of the joint venture, and each had a duty to share in any losses that may be sustained as a result of the joint venture.

25. Defendants each caused, or contributed to cause, the injuries sustained by Plaintiff, and as such, the independent acts and/or omissions of Defendants resulted in indivisible injuries to Plaintiff. As a result, Defendants are jointly and severally liable for the injuries to Plaintiff.

26. As a direct and proximate result of the negligent acts and/or omissions of Defendant Schoneman and of Defendant Greentree Transportation, acting by and through Defendant Schoneman, Plaintiff suffered personal injuries as described above.

27. As a further direct and proximate result of the Subject Crash and the negligent acts and/or omissions of Defendant Schoneman and Defendant Greentree Transportation, Plaintiff sustained damages, including:

    a. Past medical expenses;

    b. Past pain and suffering, and psychological anguish that caused and will continue to cause Plaintiff to lose enjoyment of his life; and

    c. Impairment of health, strength, and vitality.

28. For the reasons expressed above, the conduct of Defendant Schoneman and Defendant Greentree Transportation was reckless, malicious, and showed complete indifference

to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant Schoneman and Defendant Greentree Transportation, for such damages as will fairly and justly compensate Plaintiff; for damages for aggravating circumstances in such sum as will serve to punish said Defendants and others from engaging in like conduct; for Plaintiff's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT II – NEGLIGENCE *PER SE* AGAINST ALL DEFENDANTS

29. Plaintiff hereby incorporate Paragraphs 1 through 28 above by reference, as if fully set forth herein.

30. The Subject Crash and the injuries and damages described herein are the direct and proximate result of Defendant Greentree Transportation's and Defendant Schoneman's violations of statutory and regulatory authority in at least the following respects:

   a. Defendant Schoneman failed to drive the Subject Vehicle in a careful and prudent manner, following Plaintiff's Vehicle too closely, in violation of § 304.017, RSMo.

31. The above-referenced Missouri statute was enacted and intended to protect Missouri motorists, such as Plaintiff, from the dangerous operation of vehicles.

32. At the time of the violations alleged above, Plaintiff was operating a motor vehicle on a Missouri roadway, and, thus, belonged to the class of persons that these Missouri statutes were enacted and intended to protect.

33. The injuries sustained by Plaintiff were the type of injuries that the Missouri statutes were designed to prevent.

34. The above-referenced violation of Missouri statute was the direct and proximate cause of the Subject Crash.

35. Defendant Greentree Transportation is vicariously liable for the violations of Defendant Schoneman, in that Defendant Greentree Transportation was acting by and through Defendant Schoneman as its agent, servant, and employee at the time Defendant Schoneman engaged in such negligent acts and/or omissions.

36. Defendant Greentree Transportation is independently liable for the violations listed above.

37. As a direct and proximate result of the negligence *per se* of Defendant Schoneman and of Defendant Greentree Transportation, acting by and through Defendant Schoneman, Plaintiff suffered personal injuries described above.

38. As a further direct and proximate result of the Subject Crash and the violations by Defendant Schoneman and Defendant Greentree Transportation, acting by and through Defendant Schoneman, Plaintiff sustained damages, including:

   a. Past medical expenses;

   b. Past pain and suffering, and psychological anguish that caused and will continue to cause Plaintiff to lose enjoyment of his life; and

   c. Impairment of health, strength, and vitality.

39. For the reasons expressed above, the violations of Defendant Schoneman and Defendant Greentree Transportation were reckless, malicious, and showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of

Electronically Filed - Clinton - December 10, 2020 - 10:26 AM

punitive damages in an amount sufficient to punish Defendants and deter Defendants and others from like conduct.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant Schoneman and Defendant Greentree Transportation, for such damages as will fairly and justly compensate Plaintiff; for damages for aggravating circumstances in such sum as will serve to punish said Defendants and others from engaging in like conduct; for Plaintiff's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

### COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION, AND ENTRUSTMENT AGAINST DEFENDANT GREENTREE TRANSPORTATION

40. Plaintiff hereby incorporates Paragraphs 1 through 39 above by reference as if fully set forth herein.

41. As the employer of Defendant Schoneman, Defendant Greentree Transportation owed the general public, including Plaintiff, a continuing duty to supervise Defendant Schoneman and investigate and monitor Defendant Schoneman's ability, fitness and qualifications to operate the Subject Vehicle on Missouri highways.

42. Based on Defendant Schoneman's driving history, and/or inadequate training, knowledge and skill, Defendant Greentree Transportation knew or should have known that Defendant Schoneman's operation of the Subject Vehicle created a high probability of injury to other persons traveling in motor vehicles on the public roadways.

43. Defendant Greentree Transportation knew or should have known that Defendant Schoneman was unfit to operate the Subject Vehicle on public roadways.

44. Defendant Greentree Transportation was negligent, careless, and reckless in at least the following respects:

a. In hiring Defendant Schoneman, an individual who Defendant Greentree Transportation knew or should have known had inadequate training, knowledge and skill to safety operate the Subject Vehicle;

b. In entrusting the Subject Vehicle to Defendant Schoneman, an individual who Defendant Greentree Transportation knew or should have known had inadequate training, knowledge and skill to safely operate the vehicle;

c. In failing to adequately train, instruct, and supervise Defendant Schoneman concerning the safe operation of the Subject Vehicle;

d. In retaining Defendant Schoneman and allowing Defendant Schoneman to operate its Subject Vehicle on the day of the Subject Crash when Defendant Greentree Transportation knew or should have known that Defendant Schoneman lacked the training, knowledge and skill to safely operate the Subject Vehicle.

45. As a direct and proximate result of the negligence and/or omissions of Defendant Greentree Transportation, Plaintiff suffered personal injuries, including neck pain, back pain, and emotional and psychological trauma.

46. As a further direct and proximate result of the Subject Crash and the negligent acts and/or omissions of Defendant Greentree Transportation, Plaintiff sustained damages, including:

a. Past medical expenses;

b. Past pain and suffering, and psychological anguish that caused and will continue to cause Plaintiff to lose enjoyment of his life; and

c. Impairment of health, strength, and vitality.

47. For the reasons expressed above, the conduct of Defendant Greentree Transportation showed complete indifference to or conscious disregard for the safety of others, including Plaintiff, justifying the imposition of punitive damages in an amount sufficient to punish Defendant Greentree Transportation and deter Defendant Greentree Transportation and others from like conduct.

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendant Greentree Transportation, for such damages as will fairly and justly compensate Plaintiff; for damages for aggravating circumstances in such sum as will serve to punish said Defendant and others from engaging in like conduct; for Plaintiff's costs incurred herein; and for such other and further relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all allegations, claims and causes of action asserted herein.

CHAPMAN AND COWHERD, P.C.

By: *Lauren A. Horsman*
Lauren A. Horsman – #60982
903 Jackson – P.O. Box 228
Chillicothe, MO 64601
Telephone: 660-646-0627
Telefax: 660-646-1105
E-mail: lhorsman@ccttlaw.com
ATTORNEY FOR PLAINTIFF.



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00075 | *FILED*<br>*12/18/2020*<br>*ANGELIA STONE*<br>*CIRCUIT CLERK*<br>*EX-OFFICIO RECORDER*<br>*CLINTON CO, MO* |
|---|---|---|
| Plaintiff/Petitioner:<br>JUSTIN SHANE FOLLOWWILL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN HORSMAN<br>CHAPMAN COWHERD AND TURNER<br>903 JACKSON ST<br>PO BOX 228<br>CHILLICOTHE, MO 64601 | |
| Defendant/Respondent:<br>GREENTREE TRANSPORTATION CO. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **GREENTREE TRANSPORTATION CO.**
Alias:

**7608 RAYTOWN ROAD**
**KANSAS CITY, MO 64138**

*COURT SEAL OF*

*CLINTON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

_____12/18/2020_____  _____/s/ Angelia Stone_____
           Date                                                           Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to:
_____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server              Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).

(Seal)
My commission expires: _____                _____
                                    Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons                          $_____
Non Est                            $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00____
Mileage                            $_____ (____ miles @ $.____ per mile)
**Total**                            $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-457    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:21-cv-06023-NKL   Document 1-1   Filed 02/08/21   Page 12 of 18



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00075 | **FILED**<br>**12/18/2020**<br>**ANGELIA STONE**<br>**CIRCUIT CLERK**<br>**EX-OFFICIO RECORDER**<br>**CLINTON CO, MO** |
|---|---|---|
| Plaintiff/Petitioner:<br>JUSTIN SHANE FOLLOWWILL | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN HORSMAN<br>CHAPMAN COWHERD AND TURNER<br>903 JACKSON ST<br>PO BOX 228<br>CHILLICOTHE, MO 64601 | |
| vs. | | |
| Defendant/Respondent:<br>GREENTREE TRANSPORTATION CO. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** RICHARD A. SCHONEMAN
**Alias:**
**1105 FIRST AVENUE**
**WESTBROOK, MN 56183**

*COURT SEAL OF CLINTON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_____12/18/2020_____  _____[signature]_____
Date                                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer**: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server                                Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____                _____
                                        Date                                       Notary Public

**Sheriff's Fees, if applicable**
Summons           $_____
Non Est              $_____
Sheriff's Deputy Salary
Supplemental Surcharge   $____10.00____
Mileage              $_____ (_____ miles @ $._____ per mile)
**Total**               $_____

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* **Document Id # 20-SMCC-458**   1 of 1   Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 5:21-cv-06023-NKL   Document 1-1   Filed 02/08/21   Page 13 of 18

# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00075 | FILED<br>12/18/2020<br>ANGELIA STONE<br>CIRCUIT CLERK<br>EX-OFFICIO RECORDER<br>CLINTON CO, MO |
|---|---|---|
| Plaintiff/Petitioner:<br>JUSTIN SHANE FOLLOWWILL | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN HORSMAN<br>CHAPMAN COWHERD AND TURNER<br>903 JACKSON ST<br>PO BOX 228<br>CHILLICOTHE, MO 64601 | 2020 DEC 31 AM 11:22 |
| vs. | | |
| Defendant/Respondent:<br>GREENTREE TRANSPORTATION CO. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: GREENTREE TRANSPORTATION CO.
Alias:
7608 RAYTOWN ROAD
KANSAS CITY, MO 64138

**COURT SEAL OF CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/18/2020
Date                                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

## CORPORATION/PARTNERSHIP - OFFICER/AGENT/PARTNER

I certify that I have served the within summons in Jackson County, Missouri, upon the within named defendant corporation Greentree Transportation, by delivering a copy of the summons and a copy of the petition to Becky Adney - Paralegal, who said he/she was Registered Agent.

Place of Service 7608 Raytown Rd, KCMO 64138
Date of Service 1/11/21
Time of Service 853 Am

**DEPARTMENT OF CIVIL PROCESS**
**COURT ADMINISTRATOR'S OFFICE**
**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**

BY _____ DEPUTY

CIRCT 3032- 12/13

OSCA (06-18) SM30 (SMCC) For Court Use Only: Document Id # 20-SMCC-457    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo


Return



# IN THE 43RD JUDICIAL CIRCUIT, CLINTON COUNTY, MISSOURI

| Judge or Division:<br>R BRENT ELLIOTT | Case Number: 20CN-CC00075 | FILED<br>12/18/2020<br>ANGELIA STONE<br>CIRCUIT CLERK<br>EX-OFFICIO RECORDER<br>CLINTON CO, MO |
|---|---|---|
| Plaintiff/Petitioner:<br>JUSTIN SHANE FOLLOWWILL | Plaintiff's/Petitioner's Attorney/Address<br>LAUREN HORSMAN<br>CHAPMAN COWHERD AND TURNER<br>903 JACKSON ST<br>PO BOX 228<br>CHILLICOTHE, MO 64601 | |
| vs. | | |
| Defendant/Respondent:<br>GREENTREE TRANSPORTATION CO. | Court Address:<br>207 NORTH MAIN<br>PLATTSBURG, MO 64477 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: RICHARD A. SCHONEMAN
Alias:
1105 FIRST AVENUE
WESTBROOK, MN 56183

**COURT SEAL OF CLINTON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

12/18/2020 _____
Date                    Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the defendant/respondent.
☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the defendant/respondent with Annette Schoneman _____, a person of the defendant's/respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the complaint to: _____ (name) _____ (title).
☐ other: _____.

Served at 1105 1st Ave, Westbrook MN _____ (address)
in Cottonwood County (County/City of St. Louis), MO, on 01/06/2021 (date) at 11:34 am (time).

Deputy Eric Haken _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on January 8, 2021 (date).
My commission expires: 01/31/2025 _____
            Date                    Notary Public

KRISTEN PORATH
Notary Public-Minnesota
My Commission Expires Jan 31, 2025

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $65.00 |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ ~~XXXX~~ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $65.00 |

A copy of the summons and a copy of the petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (06-18) SM30 (SMCC) *For Court Use Only:* Document Id # 20-SMCC-458    1 of 1    Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

| | |
|---|---|
| 5TH JUDICIAL CIRCUIT | Return # 9197<br>Process # CVL21010006<br>Docket #<br>Reference #<br>Civil Case # CVC21010006 |

STATE OF MINNESOTA                    }
COUNTY OF COTTONWOOD COUNTY           }
                                      }
                                      }
Justin Shane Followwill               }
    Plaintiff,                        }           SUBSTITUTE SERVICE
    - vs -                            }
Greentree Transportation Co; RICHARD ALLEN }
SCHONEMAN
    Defendants                        }

I HEREBY CERTIFY AND RETURN, that on the **6th day of January, 2021** at **11:34 AM**, address of **1105 1ST AVE, WESTBROOK, MN 56183**, County of Cottonwood, State of Minnesota, I duly served the following: **a Summons in a Civil Case**.
By leaving a copy at the place of **RICHARD ALLEN SCHONEMAN**'s usual abode with **Annett, Schoneman** a person of suitable age and discretion then residing therein.

**Comments**

**Date Returned 1/6/21**

**Signed** _____  Date 1/6/21

Jason Purrington
Cottonwood County Sheriff
By: Deputy Eric Haken
902 5TH AVE
WINDOM, MN 56101
Phone: (507) 831-1375
Fax: (507) 831-1957